In the Matter of CEMETERY BOARD OF THE STATE OF NEW YORK, Appellant, v. EVERGREENS CEMETERY, Respondent.
In the Matter of CEMETERY BOARD OF THE STATE OF NEW YORK, Appellant, v. GREENWOOD CEMETERY, Respondent.
In the Matter of CEMETERY BOARD OF THE STATE OF NEW YORK, Appellant, v. LUTHERAN CEMETERY, Respondent.

First Department, March 6, 1962.

*Herbert J. Wallenstein* of counsel (*Samuel A. Hirshowitz* with him on the briefs; *Louis J. Lefkowitz, Attorney-General,* attorney), for appellant.

*Orrin G. Judd* of counsel (*Milton M. Rulnick* with him on the briefs; *Goldstein, Judd & Gurfein,* attorneys), for Metropolitan Funeral Directors Association, Inc., *amicus curiæ.*

*George W. Foley* of counsel (*Richard V. Giordano* with him on the brief; *Shearman & Sterling,* attorneys), for Evergreens Cemetery, respondent.

*J. Wesley Seward* of counsel (*George Roberts* and *Walter J. Holzka* with him on the brief; *Gasser & Hayes* and *Winthrop, Stimson, Putnam & Roberts,* attorneys and special counsel), for the Greenwood Cemetery, respondent.

*Bertram Boardman* of counsel (*Miller, Boardman & Greenberg,* attorneys), for the Lutheran Cemetery, respondent.

*Per Curiam.* In three separate proceedings, appellant, Cemetery Board of the State of New York (hereinafter Board), has sought an injunction against three cemeteries. The injunctions sought to restrain the respondent cemeteries from closing their grounds for interments on Saturdays and from changing their rules and regulations in that respect without the prior written consent of the Board.

The Board was created by chapter 533 of the Laws of 1949 (now as amd. Membership Corporations Law, § 71-a). It is empowered and required to adopt rules and regulations in regard to cemeteries as it deems necessary for their proper administration pursuant to article IX of the Membership Corporations Law; and to order any cemetery to comply with the provisions of the law or any rule or regulation it has so adopted (Membership Corporations Law, § 108). It may enforce such orders by mandamus or injunction (§ 108, subd. 3). Every cemetery subject to the jurisdiction of the Board is required to file with the Board a copy of its rules, regulations and charges. These rules may be approved, amended, or disapproved by the Board. If approved they become effective as of the date of filing. Thereafter the cemetery may file proposed amendments to the rules it has already submitted, and such amendment becomes effective upon its approval by the Board (Membership Corporations Law, § 82, subds. 3, 6).

Two of the respondent cemetery corporations had filed rules in which it was stated that the cemetery was open for interments on all days except Sundays and legal holidays. The third respondent had no rule on file covering this subject at all. Other than approving the rules filed, the Board has made no ruling on the subject.

Towards the end of December, 1961, each of the three respondents separately gave notice to all interested funeral directors that their respective cemeteries would not be open for interments on Saturdays beginning with the first of the year 1962. None of the cemeteries applied to the Board to change its rules. Upon these facts the Board sought the injunction.

We agree with Special Term that a proper exercise of judicial power required denial of the relief requested. However, we

are not in accord with all of the reasons set forth by the learned court. Firstly, we find that the material filed setting out the days and hours of interment when approved by the Board did become rules of the cemetery and that the cemetery could not, without the approval of the Board, effect a change. The net effect of a rule so filed is the same, as regards the particular cemetery, as if the rule were promulgated by the Board and the latter can enforce its continuance and obedience by that cemetery.

The proceeding presents a basic question which must be resolved before the court will exercise its injunctive power. That question is not whether the cemeteries are flouting the powers of the Board but whether the public interest, all factors being considered, requires that cemeteries be kept open for the purpose indicated on Saturdays. This is a question to be determined by the Board, subject to review only in the event its determination is found to be arbitrary or capricious (Membership Corporations Law, § 106). The record before us shows no determination of this underlying question by the Board — merely a determination that the cemeteries affected did not proceed properly in the premises. While we agree that in the two instances where rules are being violated this determination was warranted, an injunction which would result in the main question being adjudicated without proper consideration would be an injudicious use of the injunctive process.

The question is subject to determination in either of two ways. The cemeteries may seek to amend their rules (and in the instance where there is no applicable rule, to file one) to provide as they desire. If the Board, after consideration of the situation, determines that the public interest is not adversely affected by the proposed changes, it will approve them, and the controversy will end. If its decision is to the contrary, the cemeteries can challenge it by way of an article 78 proceeding. If the cemeteries fail to make such application, the Board may of its own motion consider the question and, if it reaches the appropriate conclusion, it may promulgate an order requiring the cemeteries to remain open on Saturdays. Obedience could be enforced by injunction or, perhaps, the order attacked pursuant to article 78. In this way an equitable regulation for all cemeteries subject to the jurisdiction of the Board would be reached. Under the Board's present procedure, even if its claims were upheld in regard to two of the cemeteries sought to be enjoined, its application would have to be denied in regard to the third (Evergreens Cemetery), for as to it there is no current rule to be enforced. Both an orderly and proper deter-

mination would be provided by the suggested procedure and a result applicable to affected cemeteries entitled to like treatment would be reached.

The orders should be affirmed, without costs.

BREITEL, J. P., RABIN, EAGER, STEUER and BERGAN, JJ., concur.

Orders, entered on January 15, 1962, unanimously affirmed, without costs.