(July 24, 1980)

■ In the Matter of MEMORY GARDENS, INC., Appellant, v BASIL A. PATERSON, as Secretary of State of the State of New York, et al., Respon-

dents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 31, 1980 in Albany County, insofar as it dismissed the petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the respondents. The determination attacked declared null and void one of the petitioner's by-laws on which the petitioner relied as authority for refusing to sell burial space to Albert and Emma D'Amico. From November 26, 1973 to January 18, 1978, Emma D'Amico was personal secretary to the petitioner's president. At the time of her termination, the relationship between her and the petitioner's president was less than harmonious, and she made complaints against him to the Unemployment Insurance Board, the New York State Division of Human Rights, the Federal District Court and to the respondents. The complaint made to the respondents resulted in an investigation by the Albany County Grand Jury, which returned a "No Bill". On May 23, 1979, Albert D'Amico sought to purchase burial space from petitioner, with title thereto to be conveyed to him and to Emma, his wife, as tenants by the entirety. The petitioner, believing this purchase attempt to be yet another effort to annoy its president, declined to sell. The D'Amicos complained to the New York State Division of Cemeteries, which, on July 26, 1979 through its director, wrote to the petitioner calling attention to section 1513 (subd [b], par [2]) of the Not-For-Profit Corporation Law, which pertinently provides that "Unless its certificate of incorporation or by-laws otherwise provide, and subject to its rules and regulations, the corporation shall sell and convey to any person the use of the lots, plots or parts thereof designated on the map filed in the office of the corporation, on payment of the prices so fixed and determined". The Director of the State Cemetery Board, therefore, requested a copy of the by-law on which the petitioner relied in refusing to sell burial space. The petitioner's president responded that the corporation by-laws, filed February 9, 1970, were amended on March 3, 1970 to include the following: "A Committee on Membership may be appointed by the President and Administrator to consider any proposed agreement to purchase burial space referred to it by the President. It shall have the power to reject any such proposed agreement for good cause shown. The determination of the committee shall be final." When pressed for the minutes of this alleged meeting, however, the State board was informed that the minutes were missing, but that the board of directors re-enacted the above-quoted by-law on August 16, 1979 and that, pursuant thereto, the application of the D'Amicos for burial space was again rejected. On September 27, 1979, the State Cemetery Board unanimously determined that the purported by-law was capricious and discriminatory and declared it null and void. If the enactment by the petitioner is considered a by-law, the determination of the respondent board invalidating it is completely rational. Such determination could be based on a finding that the "by-law" was enacted after the fact for the sole purpose of preventing the sale of burial space to the D'Amicos, which would render the enactment discriminatory. Furthermore, by its very provisions, such "by-law" requires the rejection of a sale of burial space to be "for good cause shown". The "by-law" contains no objective standard of what constitutes "good cause shown", nor has any "good cause" for refusal to sell burial space to the D'Amicos been demonstrated herein. If the purported enactment is considered a rule or regulation, then it is defective for its failure to comply statutorily with subdivisions (a) and (c) of section 1509 of the Not-For-Profit Corporation Law, requiring the petitioner to make rules and regulations and further providing that they shall not become effective unless and until approved by the cemetery board *(Matter of*

*Cemetery Bd. of State of N. Y. v Evergreens Cemetery,* 16 AD2d 60, 63). No such approval has been sought or had herein. Therefore, the determination of the New York State Cemetery Board had a rational basis and must be upheld, and the petition was properly dismissed by Special Term. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.